**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FLOYD SAMPA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV17CDP/MLM |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court pursuant to the Petition for Writ of Habeas Corpus filed by Petitioner Floyd Sampa ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 2. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 5. Petitioner has filed a Traverse. Doc. 11. Petitioner is an inmate at the Southeast Correctional Center. As such, Troy Steele, as the Superintendent of that facility is the properly named Respondent. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 4.

**II.
BACKGROUND**

Petitioner was charged in a twenty-one count Indictment.[1] Resp. Ex. A at 9-20. He pleaded guilty, without a plea agreement, in the Circuit Court of St. Louis County on June 10, 2003, to eight counts of robbery in the first degree, in violation of Mo. Rev. Stat. § 569.020, nine counts of armed criminal action, in violation of Mo. Rev. Stat. § 517.015, one count of attempted robbery in the first

---

[1] The file does not reflect date on which the Indictment was filed.

degree, in violation of Mo. Rev. Stat. §564.011, one count of assault in the first degree, in violation of Mo. Rev. Stat. § 565.050, one count of assault in the second degree, in violation of Mo. Rev. Stat. §565.060, and one count of assault in the third degree, in violation of Mo. Rev. Stat. § 565.070. Resp. Ex. A at 21-23. The State court sentenced Petitioner to concurrent terms of fifteen years imprisonment for the attempted robbery conviction, seven years imprisonment for the assault in the second degree conviction, one year imprisonment for the assault in the third degree conviction, and life imprisonment for each of the remaining convictions. Resp. Ex. A at 24-35.

On September 2, 2003, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence. Resp. Ex. A at 36-44. Appointed counsel then filed an amended motion under Rule 24.035 of the Missouri Rules of Criminal Procedure alleging ineffective assistance of plea counsel because counsel failed to inform Petitioner that he could receive life imprisonment as a result of his pleading guilty without a plea agreement. Resp. Ex. A at 46-55. The State circuit court denied the motion without an evidentiary hearing. Resp. Ex. A at 56-61. Petitioner appealed and the Missouri Court of Appeals, Western District, affirmed the State circuit court's judgment. Resp. Ex. B; Ex. D. The Mandate of the State appellate court issued on June 2, 2005. Resp. Ex. D.

Petitioner filed his § 2254 Petition on January 5, 2006. In his § 2254 Petition he alleges that he received constitutionally ineffective assistance of counsel because his plea attorney "failed to inform him that he could still receive a life sentence if he entered a blind plea of guilty." Doc. 1 at 5.

### III.
### TIMELINESS and EXHAUSTION

To preserve issues for federal habeas review, a state prisoner must fairly present his or her

claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

3

Pursuant to State procedure, Petitioner filed a post-conviction relief motion in which he raised the issue raised in his § 2254 Petition. Petitioner appealed the denial of the motion by the State circuit court to the State appellate court. On April 20, 2005, the State appellate court affirmed the decision of the circuit court denying Petitioner post-conviction relief. He filed his habeas petition with this court on January 5, 2006. As such, Petitioner has exhausted his State remedies and has timely filed his § 2254 Petition.[2]

## IV.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the

---

[2] Petitioner argues in his Traverse that the trial court did not inform him that the State was required to prove every element of the charges against him. Doc. 11 at 4. The transcript of Petitioner's plea hearing reflects that the trial court stated each of the twenty-one charges against Petitioner and then asked him if all the court's "statements of facts with respect to each of those [ ] charges was correct." Resp. Ex. A at 81-86. Petitioner responded in the affirmative. Id. Additionally, the trial court explained to Petitioner, prior to accepting his guilty plea, that he was giving up certain rights by pleading guilty, including the right to a jury trial and the right to have the jury instructed that the State had the burden of proving Petitioner's guilt beyond a reasonable doubt. Resp. Ex. A at 89. Petitioner, moreover, did not allege before the State courts as a basis for post-conviction relief that the trial court did not inform him that the State was required to prove every element of the charges against him if he went to trial. As such, to the extent that Petitioner intends to raise this issue in his § 2254 Petition, he has procedurally defaulted such an issue. See Sweet, 125 F.3d at 1149-50. Flieger v. Delo, 16 F.3d 878, 884-85 (8th Cir. 1994)) (per curiam).

4

merits in the state court." Id. at 412. The Court further held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law. See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

The Court further explained in Williams that for a state-court decision to satisfy the "contrary to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 406. See also Price v. Vincent, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal

5

law. Early v. Packer, 537 U.S. 3, 8 (2002).

For a state-court decision to satisfy the "unreasonable application" prong of § 2254(d)(1), the state court decision must "identif[y] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of [a] prisoner's case." Williams, 529 U.S. at 413. See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001). Upon explaining § 2254's legal standard, the Supreme Court held in Penry that "even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." Id. at 793 (citing Williams, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." Atley v. Ault, 191 F.3d 865, 871(8th Cir. 1999).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001). For purposes of federal habeas relief, the state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record**."** Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003), cert. denied, 540 U.S. 1059 (2003). See also Jones v.

6

Luebbers, 359 F.3d 1005, 1011 (8th Cir. 2004) ("[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir.2001)."), cert. denied, 125 S.Ct. 670 (Dec. 6, 2004).

The United States Supreme Court has recently defined the circumstances under which a state court reasonably applied federal law as follows:

> At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Cf. Wright v. West, 505 U.S. 277, 308-309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (KENNEDY, J., concurring in judgment).

Yarborough v. Alvarado, 541 U.S. 652, 124 S.Ct. 2140, 2149 (2004).

## V.
## DISCUSSION

Petitioner alleges that he was denied effective assistance of counsel because his plea counsel did not inform him that he could be sentenced to life imprisonment if he pleaded guilty and that he would not have pleaded guilty if he knew he could receive a life sentence. In support of this position he argues that under such circumstances his plea was not entered knowingly and voluntarily and that he would have insisted on going to trial if he hew that he could receive a life sentence. He also argues that he did not have the "required 'understanding of the law in relation to the facts'" and that he did

7

not understand his legal alternatives. Doc. 11 at 3.

Upon addressing the issue raised by Petitioner, the Missouri appellate court held as follows:

> In his sole point relied on, Movant argues that the motion court clearly erred in denying an evidentiary hearing on his claim that he the pleaded guilty unintelligently and involuntarily because his plea counsel failed to inform him that the he could receive life imprisonment for eighteen of the charges against him. Movant alleges that counsel told him he would not receive more than twenty years if he pleaded guilty. He further alleges this misinformation caused him to enter his guilty pleas unaware that he actually risked receiving a life sentence.
>
> To prevail on a claim of ineffective assistance of counsel, a Movant must show his counsel's performance was deficient and he was thereby prejudiced. State v. Nunley, 923 S.W.2d 911, 922, (Mo. banc 1996). If he enters a guilty plea, however, his plea counsel's effectiveness is material only to the extent it affected the voluntariness or understanding with which he entered the plea. Rick v. State, 934 S.W.2d 601, 605 (Mo. App. E.D. 1996).
>
> We find no clear error, because the record refutes Movant's allegation that he entered unintelligent guilty pleas. First, counsel's remarks at the sentencing hearing implied she accurately informed Movant that the plea court could sentence him to life imprisonment. She commented, "Movant pled guilty and threw himself on the mercy of the Court . . . knowing that he could be locked up for the rest of his life."
>
> Second, the plea court at the plea hearing told Movant that the range of punishment went up to life imprisonment for the eight counts of first-degree robbery, nine counts of armed criminal action, and one count of first-degree assault. Movant then testified that he understood those ranges and that he understood the plea court alone would decide his sentence. He further testified that no one had many any promises to him about what sentence he would receive. Because the record conclusively shows Movant was aware of the full range of punishment available to the plea court, he is not entitled to an evidentiary hearing. Charleston v. State, 861 S.W.2d 177, 178 (Mo. E.D. 1993). Point denied.

Resp. Ex. D at 2-3.

Pursuant to Williams, the court will consider federal law applicable to Petitioner's claim of

ineffective assistance of guilty plea counsel. Federal law provides that to prove ineffective assistance of counsel, a habeas petitioner must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The "performance" prong of Strickland requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, a petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if a petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 697. To do so, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 669. The court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." Id. at 697.

Additionally, the court notes that the Court stated in Strickland, 466 U.S. at 688-89, that:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in the American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4-1.1 to 4-8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such

set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. (citation omitted). ...

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. (citation omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." (citation omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. (citation omitted).

Additionally, the fact that Petitioner entered a guilty plea does not preclude review by this court of Petitioner's ineffective assistance of counsel claim. See Fields v. Attorney General of the State of Maryland, 956 F.2d 1290, 1296 (4th Cir. 1992) ("[A] guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea") (citing Hill v. Lockhart, 474 U.S. 52, 53-59 (1985)). However, because defense counsel is presumed to be effective, Cox v. Wyrick, 642 F.2d 222, 226 (8th Cir.1981), a habeas petitioner bears a heavy burden in proving that counsel has rendered ineffective assistance. See Howard v. Wyrick, 720 F.2d 993, 995 (8th Cir. 1983).

As stated above, the Supreme Court held in Strickland that to establish that counsel's performance was constitutionally ineffective, a petitioner must establish both that the attorney's performance was deficient and that this deficiency prejudiced the petitioner's defense. Strickland, 466 U.S. at 687. This two-pronged test of Strickland applies to challenges to guilty pleas based on

ineffective assistance of counsel. United States v. Storey, 990 F.2d 1094, 1097 (8th Cir. 1993); Clemons v. Armontrout, 921 F.2d 187, 191 (8th Cir. 1990); Estes v. United States, 883 F.2d 645, 647 (8th Cir. 1989). Specifically, a court must first determine whether counsel's advice regarding the plea process was within the range of competence demanded of attorneys in criminal cases. Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001); Storey, 990 F.2d at 1097; Clemons, 921 F.2d at 191; Estes, 883 F.2d at 647 (quoting Hill, 474 U.S. at 56); Hill v. Lockhart, 731 F.2d 568, 572 (8th Cir. 1984) (holding that a habeas petitioner must allege and prove a serious dereliction of duty on the part of counsel sufficient to show that his plea was not a voluntary and intelligent act). The second part of the Strickland test, the "prejudice" prong, requires the defendant to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan, 254 F.3d at 705 (quoting Hill, 474 U.S. at 59); Storey, 990 F.2d at 1097 (quoting Garmon v. Lockhart, 938 F.2d 120, 121 (8th Cir. 1991) (quoting Hill, 474 U.S. at 59)). See also Clemons, 921 F.2d at 191; Estes, 883 F.2d at 647 (quoting Hill, 474 U.S. at 59).

First, prior to accepting Petitioner's guilty plea the trial court asked Petitioner if it was correct that the State had made a recommendation with respect to Petitioner's case and that Petitioner was pleading guilty although he did not accept the State's recommendation. Petitioner responded that this was correct. Resp. Ex. A at 81. Further, prior to Petitioner's entering his guilty plea, the trial court explained to Petitioner the range of punishment for each of the charges to which he was pleading guilty. Specifically, the court informed Petitioner that the range of punishment for each of the robberies in the first degree was from ten to thirty years or life; that for the armed criminal action it was from three years to any term of years to life; that for the assault in the first degree it was from

11

ten years to thirty years or life; and that for the attempted robbery in the first degree it is from ten years to thirty years or life. Resp. Ex. A at 86. In response to questioning by the court, Petitioner stated that he understood the range of punishment. Petitioner further testified that no person made promises to him about the sentence he would receive; that his counsel advised him of all the legal aspects of his cases, including his rights and the consequences of his guilty plea; that his counsel did not refuse to do anything he wanted her to do; that his counsel answered all of his questions; and that he had no complaints regarding counsel's services. Resp. Ex. A at 87-88. The court proceeded to explain to Petitioner the rights he was giving up by pleading guilty and Petitioner stated that he understood these rights. Resp. Ex. A at 88-89. Petitioner informed the court that he had not been threatened, intimidated, or mistreated, or in anyway forced to plead guilty. Resp. Ex. A at 89-90. Also, prior to accepting Petitioner's guilty plea the court explained to Petitioner that it was ordering a presentence investigation and that a recommendation from the probation officer as to whether or not he should receive probation was not binding on the court. Resp. Ex. A at 90. Upon Petitioner's stating that he understood the ramifications of the presentence investigation, the court found that Petitioner was entering his guilty plea voluntarily and intelligently and with full understanding of the charges and consequences of the plea of guilty together with an understanding of his rights attending a jury trial and the effect of a plea of guilty on those rights. Resp. Ex. A at 91. As such, the State court's factual conclusions regarding Petitioner's representations to the State circuit court prior to entering his plea are consistent with the transcript of Petitioner's plea hearing.

Additionally, although not citing <u>Strickland</u>, the State appellate court applied its two pronged test to its consideration of whether Petitioner received ineffective assistance of guilty plea counsel. As stated above, the State appellate court considered that Petitioner was required to establish both

12

that his counsel's performance was deficient and that he was thereby prejudiced. Consistent with federal law cited above, the State appellate court further considered that in the guilty plea context counsel's representation is ineffective only if counsel's representation affected the voluntariness of the plea. See Storey, 990 F.2d at 1097. After considering the trial court's inquiry prior to its accepting Petitioner's guilty plea, after considering Petitioner's responses, and after concluding that Petitioner was aware of the range of punishment he could receive, the State appellate court concluded that Petitioner did not receive ineffective assistance of counsel. See Hill, 474 U.S. at 59; Gumangan, 254 F.3d at 705.[3] As such, this court finds that the decision of the State appellate court in regard to the issue raised by Petitioner in his §2254 Petition is not contrary to federal law, that it is a reasonable application of federal law, and that the State appellate court reasonably applied federal law to the facts of Petitioner's case. The court finds, therefore, that the issue raised in Petitioner's § 2254 Petition is without merit and that the relief sought in his Petition should be denied. See Williams, 529 U.S. 412-13.

## V.

---

[3] To the extent that Petitioner contends that the State court's factual conclusions are incorrect, the court has noted above that they accurately reflect the transcript of Petitioner's plea hearing. Also, in proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir. 2003)), cert. denied, 541 U.S. 996 (2004). See also Simmons v. Luebbers, 299 F.3d 929, 942 (8th Cir. 2002). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). Petitioner has failed to suggest why the State appellate court's factual conclusions are incorrect. As such, he has failed to meet the burden of clear and convincing evidence. See Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) ("[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'").

# CONCLUSION

For the reasons stated above, the court finds that the issue raised in Petitioner's § 2254 Petition is without merit. As such, Petitioner's § 2254 Petition for habeas relief should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED**; [2]

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of November, 2006.